**RUSING & LOPEZ, P.L.L.C.**
6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Todd M. Hardy
thardy@rusingandlopez.com
California State Bar No. 22358
Attorneys for Plaintiff Judith Marzullo

E-filing

FILED
07 SEP 12 PM 1:41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

JUDITH MARZULLO, an individual,

Plaintiff,

vs.

MBS CARRIER, INC., a California Corporation; SUKHDEV SINGH, BARJINDER SINGH and MOHINDER SINGH d/b/a MBS TRUCKING; and JASMIT SINGH-RANDHAWA, an individual,

Defendants.

NO. C 07 4695 BZ

**COMPLAINT FOR:**
1. NEGLIGENCE
2. PERMISSIVE USE OF VEHICLE;
3. NEGLIGENT ENTRUSTMENT OF VEHICLE

**DEMAND FOR JURY TRIAL**

Plaintiff Judith Marzullo, for her Complaint against Defendants MBS Carrier, Inc.; Sukhdev Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking; and Jasmit Singh-Randhawa, hereby alleges as follows:

**PARTIES**

1. Plaintiff Judith Marzullo (hereinafter "Plaintiff" or "Marzullo"), an individual, is a citizen of the State of Arizona.

2. Upon information and belief, Defendants Sukhdev Singh, Barjinder Singh and Mohinder Singh (hereinafter collectively "MBS Trucking") are citizens of the State of California doing business as MBS Trucking. Upon information and belief, MBS Trucking, which is based

COMPLAINT

in Tracy, California, is an interstate motor carrier registered with the Federal Motor Carrier Safety Administration.

3. Defendant MBS Carrier, Inc. (hereinafter "MBS Carrier"), is a California corporation based in Tracy, California. Upon information and belief, MBS Carrier is the parent company of MBS Trucking and/or is in an agency relationship with MBS Trucking.

4. Upon information and belief, Jasmit Singh-Randhawa, an individual, is a citizen of the State of California. At all times relevant hereto, Jasmit Singh-Randhawa was working within the scope of his employment with MBS Trucking and/or MBS Carrier.

## JURISDICTION

5. Subject matter jurisdiction is grounded in 28 U.S.C. § 1332 and is proper thereunder. As stated above in Paragraphs 1-4, Complete diversity exists between the parties hereto. The amount in controversy exceeds $75,000, exclusive or interest, costs, and fees.

6. Personal jurisdiction exists in this Court because all of the Defendants are citizens of the State of California.

7. Venue is grounded in 28 U.S.C. § 1391(a)(2), and is proper thereunder, because a substantial part of the events or omissions upon which Plaintiff's claims are based occurred within this District.

## INTRADISTRICT ASSIGNMENT

8. This action is properly assigned to the San Francisco Division of this Court pursuant to Civil Local Rule 3-2(c) because the events giving rise to Plaintiff's claims occurred in San Mateo County.

## FACTUAL BACKGROUND

9. In October 2006, Judith Marzullo, a 65-year-old woman in good health, was vacationing in California.

10. On October 9, 2006, Marzullo decided to take a drive from Belmont, California, where she was staying during her vacation, to Half Moon Bay, California.

11. Marzullo was driving her vehicle Westbound on State Route 92, West of Interstate 280, when she encountered heavy traffic stopped just before a curve in the two-lane highway.

RUSING & LOPEZ, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

12. As Marzullo was waiting in the stopped Westbound traffic, she suddenly heard a roaring noise and then saw an Eastbound truck (hereinafter "the Truck") pulling two trailers hurtling around the sharp corner in the road at an unsafe rate speed.

13. Marzullo felt an immediate rush of fear as she witnessed the massive oncoming Truck plough through the curve in the road. Seconds later, the rear trailer of the Truck, which was driven by Defendant Jasmit Singh-Randhawa, overturned as it rounded the curve. The overturned rear trailer crossed into the Westbound lane as it slid down the decline of the roadway at a high rate of speed.

14. The rear trailer crashed head-on into Marzullo's vehicle.

15. The force of the impact caused Marzullo's vehicle to spin around counterclockwise before it came to a stop, facing East.

16. The crash resulted in serious injuries to Marzullo, who was wearing her seatbelt during the crash.

17. Marzullo was transported by ambulance to Sequoia Hospital in Redwood City, California, where she was treated and hospitalized for four days before being released on October 12, 2006.

18. Upon information and belief, Defendant Jasmit Singh-Randhawa was acting in the course and scope of his employment with MBS Trucking and/or MBS Carrier when the crash occurred.

19. Upon information and belief, Defendants MBS Trucking and/or MBS Carrier owned the Truck that Defendant Jasmit Singh-Randhawa was driving when the collision occurred.

20. At this time, Marzullo is still receiving medical care and treatment for her injuries.

21. Plaintiff Marzullo suffered severe physical and psychological injuries, including but not limited to past and future medical expenses, physical and mental pain and suffering, loss of income, and other associated damages.

///

///

## FIRST CAUSE OF ACTION

## NEGLIGENCE

(Against All Defendants)

22. Plaintiff repeats and incorporates by reference all allegations contained herein.

23. Defendant Jasmit Singh-Randhawa had a duty to use reasonable care to prevent harm to others. As a driver, Defendant Jasmit Singh-Randhawa's duty of reasonable care included, but was not limited to, the duty to drive at a reasonable speed, and to drive in such a manner that did not create a danger to others.

24. Defendant Jasmit Singh-Randhawa breached his duty of reasonable care by driving the Truck, which was pulling two trailers, at an unreasonably high rate of speed as he approached a sharp curve on State Route 92. Defendant Jasmit Singh-Randhawa further breached his duty of reasonable care by failing to exercise due caution under the circumstances and by driving in a manner that created an unreasonable risk of harm to others.

25. As a result of Defendant Jasmit Singh-Randhawa breaching his duties as alleged above, Plaintiff Marzullo suffered severe physical and psychological injuries, including but not limited to past and future medical expenses, physical and mental pain and suffering, loss of income, and other associated damages.

26. Defendant Jasmit Singh-Randhawa's breaches of duty were the cause in fact and proximate cause of Marzullo's injuries. But for Jasmit Singh-Randhawa's failure to use reasonable care, failure to drive at a reasonable speed, and failure to use due caution to prevent dangers to other drivers, among other breaches of duty, Marzullo would not have suffered the severe physical and psychological injuries alleged above.

27. Marzullo has suffered damages as a result of the above-alleged breaches, including but not limited to severe physical and psychological injuries, including but not limited to past and future medical expenses, physical and mental pain and suffering, loss of income, and other associated damages.

28. Defendants MBS Trucking and MBS Carrier are liable for the negligence of Defendant Jasmit Singh-Randhawa through the doctrine of *respondeat superior.*

## SECOND CAUSE OF ACTION
## PERMISSIVE USE OF VEHICLE (California Civil Code § 17150)
(Against Defendants MBS Trucking and MBS Carrier)

29. Plaintiff repeats and incorporates by reference all allegations contained herein.

30. As alleged above, Defendant Jasmit Singh-Randhawa was negligent in operating the Truck, causing severe injuries to Marzullo.

31. Defendants MBS Trucking and/or MBS Carrier owned the Truck at the time of the crash in which Marzullo was injured.

32. Defendant Jasmit Singh-Randhawa was using the Truck with permission from Defendants MBS Trucking and/or MBS Carrier when his negligence caused the crash and resultant injuries to Marzullo.

## THIRD CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT OF MOTOR VEHICLE
(Against Defendants MBS Trucking and MBS Carrier)

33. Plaintiff repeats and incorporates by reference all allegations contained herein.

34. As alleged above, Defendant Jasmit Singh-Randhawa was negligent in operating the Truck, causing severe injuries to Marzullo.

35. Defendants MBS Trucking and/or MBS Carrier owned the Truck at the time of the crash in which Marzullo was injured.

36. Defendants MBS Trucking and/or MBS Carrier knew, or should have known, that Defendant Jasmit Singh-Randhawa was incompetent or unfit to drive the vehicle.

37. Defendant Jasmit Singh-Randhawa was using the Truck with permission from Defendants MBS Trucking and/or MBS Carrier when his negligence caused the crash and resultant injuries to Marzullo.

38. The incompetence or unfitness of Defendant Jasmit Singh-Randhawa was a substantial factor in causing harm to Marzullo.

///
///

1  WHEREFORE, Plaintiff DEMANDS A JURY TRIAL and seeks judgment against
2 Defendants as follows:
3      A.    Compensatory damages in an amount to be established at trial to
4          compensate Plaintiff for her general and special damages and such other
5          and further damages as this Court deems just and proper; and
6      B.    Costs and such other and further relief as this Court deems just and proper.

DATED this 11th day of September, 2007.

RUSING & LOPEZ, P.L.L.C.

_____
Todd M. Hardy (Cal. Bar. No. 223581)
Attorneys for Plaintiff

RUSING & LOPEZ, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800