LEWIS BRISBOIS BISGAARD & SMITH LLP
Christopher J. Nevis, SB# 162812
Tal Korn, SB# 227719
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants MBS CARRIER, INC., BARJINDER SINGH, SUKHDEV SINGH and MOHINDER SINGH d/b/a MBS TRUCKING, and JASMIT SINGH-RANDHAWA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH MARZULLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MBS CARRIER, INC., a California Corporation; SUKHDEV SINGH, BARJINDER SINGH and MOHINDER SINGH, dba MBS TRUCKING; and JASMIT SINGH-RANDHAWA, an individual, and TEJBIR PADDA, an individual.<br><br>Defendants. | CASE NO. C07-4695 BZ<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Defendants, MBS CARRIER, INC., BARJINDER SINGH, SUKHDEV SINGH and MOHINDER SINGH d/b/a MBS TRUCKING, and JASMIT SINGH-RANDHAWA ("Defendants") and in Answer to Plaintiff, JUDITH MARZULLO's ("Plaintiff") Second Amended Complaint ("Complaint") on file in the above-entitled action, hereby allege as follows:

**PARTIES**

1. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 1 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

///

4843-5364-3010.1

ANSWER TO SECOND AMENDED COMPLAINT

1. 2. These answering Defendants admit that Sukhdev Singh, Barjinder Singh and Mohinder Singh are citizens of the State of California. These answering Defendants admit that MBS Trucking is based in Tracy, California. These answering Defendants lack sufficient knowledge to either admit or deny the remainder of the allegations pled in paragraph 2 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

3. These answering Defendants admit that MBS Carrier, Inc. is a California corporation and is based in Tracy, California. These answering Defendants lack sufficient knowledge to either admit or deny the remainder of the allegations pled in paragraph 3 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

4. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 4 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

5. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 5 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

6. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 6 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

7. These answering Defendants admit that Jasmit Singh-Randhawa is a citizen of the State of California. These answering Defendants lack sufficient knowledge to either admit or deny the remainder of the allegations pled in paragraph 7 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

**JURISDICTION**

8. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 8 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

///
///

9. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 9 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

10. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 10 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

## INTRA-DISTRICT ASSIGNMENT

11. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 11 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

## FACTUAL BACKGROUND

12. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 12 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

13. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 13 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

14. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 14 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

15. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 15 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

16. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 16 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

17. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 17 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

18. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 18 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

19. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 19 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

20. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 20 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

21. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 21 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

22. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 22 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

23. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 23 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

24. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 24 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

25. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 25 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

26.     These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 26 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

## FIRST CAUSE OF ACTION

## (NEGLIGENCE)

27.     These answering Defendants incorporate by reference their responses to paragraphs 1 through 26 above, as though fully set forth herein.

28.     These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 27 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

29.     These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 28 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

30.     These answering Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Second Amended Complaint.

31.     These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 30 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

32.     These answering Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Second Amended Complaint.

33.     These answering Defendants deny the allegations set forth in paragraph 32 of Plaintiff's Second Amended Complaint.

34.     These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 33 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

///

///

///

## SECOND CAUSE OF ACTION

## PERMISSIVE USE OF VEHICLE (California Civil Code §17150)

35. These answering Defendants incorporate by reference their responses to paragraphs 1 through 34 above, as though fully set forth herein.

36. These answering Defendants deny the allegations pled in paragraph 34 of Plaintiff's Second Amended Complaint.

37. These answering Defendants deny the allegations pled in paragraph 35 of Plaintiff's Second Amended Complaint.

38. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 36 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

39. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 37 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

40. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 38 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

41. These answering Defendants deny the allegations pled in paragraph 39 of Plaintiff's Second Amended Complaint.

42. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 40 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

## THIRD CAUSE OF ACTION

## NEGLIGENT ENTRUSTMENT OF MOTOR VEHICLE

43. These answering Defendants incorporate by reference their responses to paragraphs 1 through 41 above, as though fully set forth herein.

44. These answering Defendants deny the allegations pled in paragraph 41 of Plaintiff's Second Amended Complaint.

45. These answering Defendants deny the allegations pled in paragraph 42 of Plaintiff's Second Amended Complaint.

46. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 43 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

47. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 44 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

48. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 45 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

49. These answering Defendants deny the allegations pled in paragraph 46 of Plaintiff's Second Amended Complaint.

50. These answering Defendants deny the allegations pled in paragraph 47 of Plaintiff's Second Amended Complaint.

51. These answering Defendants lack sufficient knowledge to either admit or deny the allegations pled in paragraph 48 of Plaintiff's Second Amended Complaint, and upon that basis, deny said allegations.

52. These answering Defendants deny the allegations pled in paragraph 49 of Plaintiff's Second Amended Complaint.

53. These answering Defendants deny the allegations pled in paragraph 50 of Plaintiff's Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

54. Plaintiff's Second Amended Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

///

///

## SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

55. Plaintiff's Second Amended Complaint is barred by the applicable statutes of limitations, including but not limited to, the statute of limitations set forth in California Code of Civil Procedure §§337, 338, 339, 340, and 343.

## THIRD AFFIRMATIVE DEFENSE

### Laches

56. These answering Defendants allege that Plaintiff has delayed and waited an unreasonable period of time in commencing this action, which has unduly prejudiced these answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### Estoppel

57. By virtue of her own conduct, Plaintiff is estopped from recovery from these answering Defendants for the claims identified in Plaintiff's Second Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### Waiver

58. Plaintiff has waived any right to recover from these answering Defendants for the claims identified in her Second Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### Unclean Hands

59. Plaintiff's Second Amended Complaint is, in whole or in part, barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

60. Any and all damages sustained by Plaintiff, if any, are the direct and proximate cause of Plaintiff's failure to mitigate her damages.

///

///

### EIGHTH AFFIRMATIVE DEFENSE

### Ratification

61. Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of these answering Defendants, thus barring Plaintiff's recovery.

### NINTH AFFIRMATIVE DEFENSE

### Comparative Negligence

62. Plaintiff was partially, if not wholly, negligent or otherwise at fault on her own part, and pursuant to the doctrine of comparative negligence, she should be barred from recovery of that portion of the damages which are directly attributable to her proportionate share of the negligence or fault.

### TENTH AFFIRMATIVE DEFENSE

### Negligence of Others

63. The damages sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which these answering Defendants are not liable or responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

### Failure to Join All Necessary Parties

64. Plaintiff failed to join all persons and/or entities necessary for a full and just adjudication of the purported causes of action asserted in Plaintiff's Second Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

65. Plaintiff's Second Amended Complaint fails for lack of subject matter jurisdiction.

### THIRTEENTH AFFIRMATIVE DEFENSE

### Personal Jurisdiction

66. This Court lacks personal jurisdiction over these answering Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

### Several Liability of Non-Economic Damages

67. The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code Sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are

4843-5364-3010.1

9

ANSWER TO SECOND AMENDED COMPLAINT

1  applicable to this action to the extent that Plaintiff's injuries, if any, were legally caused or
2  contributed to by the negligence or fault of persons or entities other than these answering
3  Defendants. Based upon principles of comparative fault, the liability, if any, of these answering
4  Defendants for non-economic damages shall be several only, and shall not be joint. These
5  answering Defendants, if liable at all, shall be liable only for the amount of non-economic
6  damages allocated to these answering Defendants in direct proportion to these Defendants'
7  respective percentages of fault, and a separate and several judgment shall be rendered against these
8  answering Defendants for non-economic damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Superceding Causes

68.   These answering Defendants allege that Plaintiff is barred from asserting any claims against these answering Defendants because her alleged damages were the result of one or more unforeseeable intervening and superceding causes.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Assumption of Risk

69.   Plaintiff conducted herself in such a manner at the time and place referred to in the Second Amended Complaint which implies that Plaintiff reasonably assumed the risk of harm or injury because Plaintiff had actual knowledge of the particular dangers involved in such conduct, knew and understood the degree of risk involved and thereafter, in spite of such knowledge, freely and voluntarily chose to and did expose herself to that particular known danger which resulted in the injuries of which Plaintiff now complains.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Not a Substantial Factor

70.   These answering Defendants allege that the Second Amended Complaint and each cause of action therein is barred on the grounds that the products, conduct, materials or premises of Defendants as referred to in Plaintiff's Second Amended Complaint, if any, were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff, and did not increase the risk that Plaintiff would suffer the injuries and damages complained of.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Waiver

71. These answering Defendants allege that Plaintiff has waived any and all claims which she seeks to assert in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Contribution and Indemnification

72. These answering Defendants allege that they are entitled to a right of indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the happening of the alleged injuries of Plaintiff if Plaintiff should receive a verdict against these answering Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### Compliance with Law

73. At all times relevant herein, the conduct of these answering Defendants alleged in the Second Amended Complaint conformed to all applicable statutes, governmental regulations and industry standards applicable thereto.

## TWENTIETH AFFIRMATIVE DEFENSE

### Avoidable Consequences

74. These answering Defendants allege that each and every cause of action set forth in Plaintiff's Second Amended Complaint is barred, and Plaintiff may not recover damages due to the failure of Plaintiff to take actions to avoid the injuries alleged and damages, if any, as set forth in the Second Amended Complaint.

## TWENTY-Second AFFIRMATIVE DEFENSE

### Insufficient Information or Knowledge/Unknown Defenses

75. These answering Defendants presently have insufficient knowledge or information with which to form a belief as to whether Defendants may have additional, and as of yet unstated, defenses available. Defendants hereby reserve the right to assert additional defenses which become necessary based upon information acquired during the course of discovery.

///

# PRAYER

**WHEREFORE,** these answering Defendants pray as follows:

1. That Plaintiff take nothing by way of her Complaint or First Amended Complaint or Second Amended Complaint;

2. That these answering Defendants be awarded attorneys' fees and costs of suit incurred herein; and

3. For such other further leave as the court deems just and proper.

DATED: November 20, 2007       LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
CHRISTOPHER J. NEVIS
TAL KORN
Attorneys for Defendants, MBS CARRIER, INC., BARJINDER SINGH, SUKHDEV SINGH and MOHINDER SINGH d/b/a MBS TRUCKING, and JASMIT SINGH-RANDHAWA

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580