**RUSING & LOPEZ, P.L.L.C.**
6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Todd M. Hardy
thardy@rusingandlopez.com
California State Bar No. 223581
Attorneys for Plaintiff Judith Marzullo

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH MARZULLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MBS CARRIER, INC., a California Corporation; SUKHDEV SINGH, BARJINDER SINGH and MOHINDER SINGH d/b/a MBS TRUCKING; JASMIT SINGH-RANDHAWA, an individual; TEJBIR PADDA, an individual; KULDEEP SINGH, an individual; and KARANDEEP S. RANDHAWA d/b/a EKUAM TRUCKING,<br><br>Defendants. | NO. C 07-4695 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff and Defendants MBS Carrier, Inc., Sukhedv Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking and Jasmit Singh-Randhawa, their respective counsel having met and conferred and pursuant to Civil Local Rule 16-9, hereby jointly submit their Joint Case Management Statement for the Court's consideration.

Defendants Tejbir Padda, Kuldeep Singh and Karandeep S. Randhawa d/b/a Ekuam Trucking do not join in this Statement as they have yet to enter appearances in this matter.

1. **Jurisdiction and Service:**

The parties agree that subject matter jurisdiction is grounded in 28 U.S.C. §1332 and is proper thereunder. The parties also agree that complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs, and fees. The parties agree that personal jurisdiction exists in this Court because all Defendants are citizens of the State of California, and that venue is grounded in 28 U.S.C. §1391(a)(2) and is proper because a substantial part of the events or omissions upon which Plaintiff's claims are based occurred within the Northern District of California.

Defendants Karandeep S. Randhawa d/b/a Ekuam Trucking, and Tejbir Padd have been served with Plaintiff's Complaint, but have not yet filed an answer(s) or other responsive pleading(s).

After numerous attempts to serve Defendant Kuldeep Singh at his residence, Plaintiff initiated service pursuant to section 415.30 of the California Code of Civil Procedure by mailing a copy of the Summons and Second Amended Complaint to Mr. Singh on December 19, 2007. Mr. Singh called counsel for Plaintiff on January 3, 2007 and stated that he received the Summons by mail. During the telephone conversation, counsel for Plaintiff requested that Mr. Singh sign and return the Acknowledgment of Receipt. To date, however, Mr. Singh has not returned the Acknowledgment of Receipt and Plaintiff is continuing efforts to have Mr. Singh served personally. Plaintiff is hopeful that service will be accomplished by the service deadline of February 29, 2008, but it appears that Mr. Singh is actively evading service. Therefore, Plaintiff hereby moves the Court for an Order extending the deadline for service of Mr. Singh to April 1, 2008.

2. **Facts:**

Plaintiff: On October 9, 2006, the rear trailer of a truck being driven by Defendant Jasmit Singh-Randhawa overturned and crashed head-on into a vehicle being driven by Plaintiff Judith Marzullo resulting in serious injuries to Plaintiff Judith Marzullo. According to the California Highway Patrol Traffic Collision Report, Mr. Singh-Randhawa caused the collision

6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

by driving his vehicle in violation of California Vehicle Code Section 22350. Mr. Singh-Randhawa received citations and was convicted of numerous violations.

Factual uncertainty remains as to the following issues:

    a)    Whether Jasmit Singh-Randhawa will admit liability for the crash. Given the facts and circumstances of the crash, Plaintiff submits that Mr. Singh-Randhawa should admit liability, thus permitting the scope of this lawsuit to be narrowed to the extent and severity of Plaintiff's damages.

    b)    Whether Jasmit Singh-Randhawa was working within the scope of employment for Defendants Tejbir Padda and/or Kuldeep Singh and/or Karandweep S. Randhawa d/b/a Ekuam Trucking at the time of the crash. Plaintiff named these defendants upon knowledge and belief of their employment/agency relationship with the driver, Jasmit Singh-Randhawa. Plaintiff has made numerous efforts to obtain from Mr. Singh-Randhawa information which would verify or negate the existence of such a relationship. To date, Mr. Singh-Randhawa has not provided any such information, stating only that he lacks information sufficient to either admit or deny Plaintiff's allegations.

    c)    Whether Jasmit Singh-Randhawa owned the truck he was driving at the time of the crash. Plaintiff obtained DMV records showing that the registered owner of the truck at the time of the crash was Defendant Kuldeep Singh. Kuldeep Singh is named as a defendant in Plaintiff's claim for negligent entrustment of a motor vehicle. Jasmit Singh-Randhawa claims that he owned the truck at the time of the accident, but has yet to provide any documentation verifying his contention.

    d)    Whether Jasmit Singh-Randhawa was operating the truck under the California motor carrier permit authority of Defendant Karandeep S. Randhawa d/b/a Ekuam Trucking at the time of the crash. Police records show that the truck bore the California Motor Carrier Number corresponding to Ekuam Trucking at the time of the crash. Jasmit Singh-Randhawa disputes this claim, but has yet to provide any documentation verifying his contention.

Defendants: Defendants do not concede that the trailer "crashed head-on" into Plaintiff's vehicle. An issue remains as to whether Plaintiff's vehicle struck the trailer after the trailer overturned. Also, Jasmit Singh Randhawa was not cited for any violations, nor was he "convicted" of anything. This is supported by the police report.

### 3. Legal Issues:

Plaintiff: Plaintiff has alleged upon information and belief that: 1) Defendant Singh-Randhawa was acting within the course and scope of his employment with Defendants Tejbir Padda and/or Kuldeep Singh and/or Ekuam Trucking when the crash occurred; 2) Defendant Kuldeep Singh owned the truck that Defendant Singh-Randhawa was driving; 3) Defendant Singh-Randhawa was driving the truck under the California motor carrier permit authority of Ekuam Trucking; and 4) Defendants MBS Trucking and/or MBS Carrier owned one or both of the trailers that the truck was pulling when the collision occurred. Should Defendants provide sufficient documentation to either verify or negate these allegations, Plaintiff will be able to dismiss any unnecessary defendant and possible narrow the scope of her claims. To date, however, defendants have failed to provide such information.

Defendants MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh d/b/a MBS Trucking, and Jasmit Singh-Randhawa, claim they lack sufficient knowledge to either admit or deny Plaintiff's allegations regarding scope of employment, vehicle ownership, and motor carrier permit information and upon that basis, deny said allegations.

Defendants: Defendants do not contend that admission of liability is a "factual uncertainty" as noted by Plaintiff, but rather contend it is an ultimate issue in the case. Moreover, Defendants object to Plaintiff's assertion above regarding the status of Defendants providing documentation. Defendants, MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh dba MBS Trucking, and Jasmit Singh Randhawa dispute liability in this case. Defendants further dispute plaintiff's contention that Defendant Randhawa was acting within the course and scope of his alleged employment for the defendants at the time of the incident. Defendants also dispute the extent of damages being claimed by plaintiff in this case.

**4. Motions:**

There are no pending motions.

<u>Plaintiff</u>: Due to Defendant Kuldeep Singh's failure to return Acknowledgment of Receipt of Plaintiffs' Summons and Second Amended Complaint, and the fact that numerous attempts to personally serve Mr. Singh have been unsuccessful, Plaintiff moves to extend the deadline for service of her Complaint to April 1, 2008.

A Motion for Summary Judgment as to the liability of Defendant Jasmit Singh-Randhawa will be filed by Plaintiff if this defendant fails to admit liability.

<u>Defendants</u>: Motions for summary judgment or partial summary judgment may be brought on behalf of some of the Defendants on the issue of liability.

**5. Amendment of Pleadings:**

No further amendment of pleadings is anticipated.

**6. Evidence Preservation:**

Not applicable.

**7. Disclosures:** Pursuant to this Court's Order of September 12, 2007, initial disclosures have been made or will be made no later than January 22, 2008. Initial disclosures will adhere to provisions of Rule 26(a)(1). The parties' Joint Rule 26(f) Report is submitted simultaneously herewith.

**8. Discovery:**

*See* Joint Rule 26(f) Report submitted simultaneously herewith.

**9. Class Actions:**

Not applicable.

6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

**10. Related Cases:**

None.

**11. Relief:**

<u>Plaintiff</u>: Plaintiff seeks judgment against Defendants in an amount to be established at trial to compensate Plaintiff for general and special damages and such other and further damages as this Court deems just and proper, and for costs and such other and further relief as this Court deems just and proper.

<u>Defendants</u>: Defendants MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh dba MBS Trucking, and Jasmit Singh Randhawa seek judgment in their favor, in addition to attorneys' fees and costs of suit herein and further relief as the court deems proper.

**12. Settlement and ADR:**

<u>Plaintiff</u>: Plaintiff, counsel for Plaintiff, and counsel for Defendants MBS Carrier, Inc., MBS Trucking, Sukhdev Singh, Barjinder Singh, Mohinder Singh, and Jasmit Singh-Randhawa have complied with ADR L.R. 3-5. Agreement to an ADR process has not yet been reached and a Notice of Need for ADR Phone Conference was filed on January 7, 2008. Thereafter, an ADR Phone Conference was scheduled for January 24, 2008, at 9:30 a.m.

A comprehensive demand package was submitted to counsel for the above-listed Defendants on January 9, 2008. Plaintiff believes the parties are presently in a position to negotiate a resolution.

<u>Defendants</u>: Defendants MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh dba MBS Trucking, and Jasmit Singh Randhawa, believe that settlement negotiations are premature as defendants require additional time to conduct discovery on issues of both liability and damages in this case.

### 13. Consent to Magistrate Judge for All Purposes:

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the parties consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

### 14. Other References:

None.

### 15. Narrowing of Issues:

Plaintiff: Given the facts and circumstances of the accident, Plaintiff submits that Mr. Singh-Randhawa should admit liability, thus permitting the scope of this lawsuit to be narrowed to the extent and severity of Plaintiff's damages.

Likewise, in the event that Defendants provide sufficient documentation as to the identity of Jasmit Singh-Randhawa's employer(s), ownership of the truck, and motor carrier permit information, Plaintiff would dismiss any unnecessary defendant and possibly narrow her claims. To date, however, Mr. Singh-Randhawa has provided only vague and evasive answers.

Defendants: The issues of liability and damages in this case are disputed. To that end, narrowing of issues includes investigation into Defendant Randhawa's employment status at the time of the incident, as well as ownership status of the subject vehicle, which would also impact allegations of negligent entrustment in this case. The nature and extent of Plaintiff's alleged injuries also merits further investigation by defendants.

### 16. Expedited Schedule:

Not applicable.

### 17. Scheduling:

The parties propose the following alternative sets of deadlines:

Plaintiff:

A.  If Defendants admit liability:
1.  Disclosure of Plaintiff's experts: February 21, 2008
2.  Disclosure of Defendants' experts: March 14, 2008
3.  Disclosure of Rebuttal experts: April 14, 2008
4.  Discovery cutoff: July 1, 2008
5.  Final date for Dispositive Motions: August 15, 2008
6.  Pretrial Conference: October 2008
7.  Trial date: December 2008

B.  If liability is contested:
1.  Disclosure of Plaintiff's experts: May 15, 2008
2.  Disclosure of Defendants' experts: June 15, 2008
3.  Disclosure of Rebuttal experts: July 15, 2008
4.  Discovery cutoff: September 1, 2008
5.  Final date for Dispositive Motions: October 15, 2008
6.  Pretrial Conference: December 2008
7.  Trial date: February 2009

Defendants:

A.  Liability is disputed.

B.  Defendants have no objection to the dates listed in category B above.

**18.  Trial:**

Plaintiff: Plaintiff has requested a jury trial. Expected length of trial is four days. If, however, liability is not admitted, the expected length of trial is six days.

Defendants: Defendants MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh dba MBS Trucking, and Jasmit Singh Randhawa have also requested a jury trial. Their estimate for trial is six days.

19. **Disclosure of Non-party Interested Entities or Persons:**

Plaintiff filed her Certification of Interested Entities or Persons required by Civil L.R. 3-16 on January 17, 2008. Defendants MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh dba MBS Trucking, and Jasmit Singh Randhawa prepared their Certification and will file it on Tuesday, January 22, 2008. Other than the named parties, there are no such interests to report.

20. **Other Matters:** None

DATED this 22nd day of January, 2008          DATED this ___ day of January, 2008

**RUSING & LOPEZ, P.L.L.C.**                  **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

_____               _____
Todd M. Hardy (Cal. Bar. No. 223581)          Tal Korn (Cal. Bar No. 227719)
Attorneys for Plaintiff                       Attorneys for Defendants MBS Carrier, Inc., Sukhedv Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking and Jasmit Singh-Randhawa