**RUSING & LOPEZ, P.L.L.C.**
6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Todd M. Hardy
thardy@rusingandlopez.com
California State Bar No. 223581
Attorneys for Plaintiff Judith Marzullo

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH MARZULLO, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MBS CARRIER, INC., a California Corporation; SUKHDEV SINGH, BARJINDER SINGH and MOHINDER SINGH d/b/a MBS TRUCKING; JASMIT SINGH-RANDHAWA, an individual; TEJBIR PADDA, an individual; KULDEEP SINGH, an individual; and KARANDEEP S. RANDHAWA d/b/a EKUAM TRUCKING,<br><br>    Defendants. | NO. C 07-4695 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Status Conference: April 14, 2008 at 4 p.m. |

  Plaintiff and Defendants MBS Carrier, Inc., Sukhedv Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking and Jasmit Singh-Randhawa, their respective counsel having met and conferred and pursuant to Civil Local Rule 16-9, hereby jointly submit their Joint Case Management Statement for the Court's consideration.

  Defendants Tejbir Padda, Kuldeep Singh and Karandeep S. Randhawa d/b/a Ekuam Trucking do not join in this Statement as they have yet to enter appearances in this matter.

1.  **Jurisdiction and Service:**

Defendants Jasmit Singh-Randhawa; MBS Carrier, Inc.; Sukhedv Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking, have all been properly served and entered appearances in this case. This group of defendants is represented by undersigned Defense counsel.

At the initial Case Management Conference held on January 28, 2008, Plaintiff reported that Defendants Karandeep S. Randhawa d/b/a Ekuam Trucking, and Tejbir Padda had been served with Plaintiff's Complaint, but had not yet filed an answer(s) or other responsive pleading(s). Defendant Kuldeep Singh had not yet been served as of the January 28, 2008 Case Management Conference, and the Court extended the deadline for service upon Mr. Singh to April 1, 2008. Subsequent to the initial Case Management Conference, the following has occurred with respect to these at-large defendants:

- Defendant Kuldeep Singh was formally served with a Summons and Plaintiff's Second Amended Complaint on **February 23, 2008**;

- The Clerk of the Court accepted Plaintiff's Application for Entry of Default and entered default as to Defendants Karandeep S. Randhawa d/b/a Ekuam Trucking, and Tejbir Padda on **February 25, 2008**;

- Plaintiff served Notice of Entry of Default upon Defendants Karandeep S. Randhawa d/b/a Ekuam Trucking, and Tejbir Padda on **March 24, 2008**;

- The deadline for Defendant Kuldeep Singh to appear in this case and respond to Plaintiff's Second Amended Complaint passed on **March 24, 2008** without any word from Mr. Singh;

- Plaintiff's counsel attempted to contact Defendant Kuldeep Singh on **April 1, 2008** to notify him that Plaintiff would be applying for default. Plaintiff's counsel called a telephone number at which Mr. Singh had been reached numerous times previously, and left a voicemail to which Mr. Singh did not respond.

- On **April 2, 2008**, Plaintiff filed an Application for Entry of Default as to Defendant Kuldeep Singh.

As of the current date, all parties have been served. The parties that have appeared in this matter agree that subject matter jurisdiction is grounded in 28 U.S.C. §1332 and is proper thereunder. The parties also agree that complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs, and fees. The parties agree that personal jurisdiction exists in this Court because all Defendants are citizens of the State of California, and that venue is grounded in 28 U.S.C. §1391(a)(2) and is proper because a substantial part of the events or omissions upon which Plaintiff's claims are based occurred within the Northern District of California.

**2.   Facts:**

This lawsuit arises from a motor vehicle crash that occurred on State Route 92, West of Interstate 280.

On October 9, 2006, the rear trailer of an Eastbound truck being driven by Defendant Jasmit Singh-Randhawa overturned and crashed into the front end of a Westbound vehicle being driven by Plaintiff Judith Marzullo. Ms. Marzullo's vehicle was stopped in traffic and was not moving at the time of impact. Ms. Marzullo sustained serious injuries in the crash. According to the California Highway Patrol Traffic Collision Report, Mr. Singh-Randhawa caused the collision by driving his vehicle in violation of California Vehicle Code Section 22350 (unsafe speed).

At the initial Case Management Conference, the Court instructed the parties to work together to resolve the following factual issues:

- **Who owned the truck Jasmit Singh-Randhawa was driving at the time of the crash?**

<u>Defendants:</u>  To the best of Jasmit Randhawa's recollection, he purchased the subject truck from Kuldeep Singh prior to the incident. However, following a diligent search, Mr. Randhawa has been unable to locate documents which confirm that title was successfully transferred from Mr. Singh at that time. Plaintiff has produced documents suggesting that Mr. Singh held title to the truck at the time of the incident.

<u>Plaintiff:</u> Kuldeep Singh, whose default is pending, was named as a Defendant because California Department of Motor Vehicles records show that he was the registered owner of the truck at the time of the crash. Defendants contend that Jasmit Singh-Randhawa owned the truck. Based upon this discrepancy, and the lack of documentation showing that Jasmit Singh-Randhawa owned the truck, Plaintiff is not in a position to dismiss Kuldeep Singh from the case. Plaintiff will have to conduct further discovery into this issue.

- **Who owned the trailer that overturned, slid into the oncoming lane of traffic and slammed into the vehicle driven by Ms. Marzullo?**

<u>Defendants:</u> The rear trailer was owned by Defendant MBS Carrier, Inc.

- **Was Jasmit Singh-Randhawa working within the scope of employment for any of the named defendants at the time of the crash?**

<u>Defendants:</u> At the time of the incident, Mr. Randhawa was an independent contractor of Ekuam Trucking and MBS Trucking.

<u>Plaintiff:</u> The status of Jasmit Singh-Randhawa's employment is a matter that must be probed through further discovery. Defendants have not adequately disclosed documentation which would establish whether or not Jasmit Singh-Randhawa was working as an independent contractor at the time of the crash. Jasmit Singh-Randhawa has disclosed a 1099 tax form from Defendant Karandeep Randhawa d/b/a Ekuam Trucking, but the form has no amounts listed. Jasmit Singh-Randhawa also claims to have been working as an independent contractor for MBS Trucking, but did not disclose any 1099 tax form. Moreover, responses to Requests for Admissions conflict with the assertion that Jasmit Singh-Randhawa was an independent contractor for Ekuam Trucking. Additionally, Plaintiffs will have to obtain further discovery from Defendant Barjinder Singh, who early in these proceedings advised Plaintiff that he believed Defendant driver Jasmit Singh-Randhawa was employed by Tejbir Padda (defaulted defendant) at the relevant time. Presumably, Defendants have retained all documentation and required trucking logs, *etc.*

At the January 28, 2008 Case Management Conference, the Court suggested that Plaintiff serve straight-forward Requests for Admission as a means of determining the proper parties and the proper claims in this lawsuit. Following the Court's suggestion, Plaintiff served Requests for Admission on February 26, 2008. The Responses provided by Defendant Jasmit Singh-Randhawa are attached hereto as **Exhibit A**. The Responses demonstrate a continuing lack of factual certainty as to the ownership of the truck and the employment status of Defendant Jasmit Singh-Randhawa at the time of the crash.

3. **Legal Issues:**

Plaintiff:    Plaintiff alleges that Defendant Jasmit Singh-Randhawa is liable for negligence in causing the accident and Ms. Marzullo's resulting injuries. Plaintiff alleges that Defendants, MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh d/b/a MBS Trucking, Kuldeep Singh and Tejbir Padda are liable through theories of *respondeat superior,* permissive use of vehicle and negligent entrustment of vehicle. Plaintiff contends the legal issues should be limited to damages, but to date Defendants have been unwilling to admit liability.

Defendants:   Defendants Jasmit Singh-Randhawa, MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh d/b/a MBS Trucking have disputed liability. However, their investigation of the incident is ongoing, and they are moving forward with discovery. Plaintiff will be apprised in the event that defendants' position on liability changes.

4. **Motions:**

There are no pending motions.

Plaintiff:    A Motion for Summary Judgment as to the liability of Defendant Jasmit Singh-Randhawa will be filed by Plaintiff.

Defendants: No motions are presently anticipated.

### 5. Amendment of Pleadings:

No further amendment of pleadings is anticipated.

### 6. Evidence Preservation:

Unknown. Plaintiff presumes that Defendants have retained all trucking logs, ownership documents, *etc.*, as required.

### 7. Disclosures:

The parties have exchanged disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

### 8. Discovery:

Written discovery has been served by Plaintiff and Defendants. At the request of Defense counsel, Plaintiff provided accelerated responses to all written discovery served by Defendants.

Plaintiff has provided Defense counsel with releases for all potentially relevant medical records.

On March 31, 2008, Defendants conducted depositions of Plaintiff and Janna Haskell, who was a passenger in the vehicle Plaintiff was driving at the time of the crash.

Plaintiff has provided defense counsel with releases for all potentially relevant medical records. Defense counsel has agreed to provide plaintiff's counsel with copies of any records received.

On March 31, 2008, Defendant, Jasmit Randhawa, served his responses to plaintiff's Request for Admissions, Set One. (Attached hereto as Exhibit A.)

### 9. Class Actions:

Not applicable.

10. **Related Cases:**

None.

11. **Relief:**

<u>Plaintiff</u>: Plaintiff seeks judgment against Defendants in an amount to be established at trial to compensate Plaintiff for general and special damages and such other and further damages as this Court deems just and proper, and for costs and such other and further relief as this Court deems just and proper.

<u>Defendants:</u> Defendants seek judgment against plaintiff and in their favor, in addition to recoverable costs and attorneys' fees and any other relief as the court deems proper.

12. **Settlement and ADR:**

In advance of the January 28, 2008 Case Management Conference, undersigned counsel for the parties met and conferred in compliance with ADR L.R. 3-5. Following a telephone conference with a Court ADR clerk, however, the parties were unable to reach agreement at that time with respect to ADR.

At the initial Case Management Conference, Plaintiff reported that a comprehensive demand package had been submitted to Defendants and she was prepared to negotiate a resolution. Defendants reported that settlement negotiations would be premature and that Defendants required additional time to conduct discovery on issues of liability and damages. Since that time, Defendants have conducted extensive written discovery, have requested copies of plaintiff's medical records directly from the providers, and recently deposed plaintiff and her passenger, Ms. Haskell.

Due to Plaintiff's Arizona residency, and other considerations, the parties have agreed to conduct a mediation in Tucson, Arizona. Counsel for the parties are currently engaging in ongoing discussions regarding possible mediators with the intention of reaching an agreement on a mediator by April 21, 2008.

<u>Plaintiff</u>: Plaintiff suggests the use of Hon. Charles R. Pyle, Magistrate Judge for the United States District Court in Tucson, as the mediator. Plaintiff's counsel has confirmed that this Magistrate (and presumably any other Magistrate in Tucson's District Court) is available to conduct a settlement conference upon Order of this Court granting such permission.

<u>Defendants</u>: Defense counsel is considering Plaintiff's suggested mediator, in addition to additional proposed mediators.

## 13. **Consent to Magistrate Judge for All Purposes:**

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the parties consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

## 14. **Other References:**

None.

## 15. **Narrowing of Issues:**

<u>Plaintiff</u>: Given the facts and circumstances of the accident, and the unquestioned liability of Jasmit Singh-Randhawa, Plaintiff submits that the scope of this lawsuit should be narrowed to the extent and severity of Plaintiff's damages.

## 16. **Expedited Schedule:**

Not applicable.

/ / /

/ / /

RUSING & LOPEZ, P.L.L.C.
6262 North Swan Road, Suite 200
Tucson, Arizona 85718
Telephone: (520) 792-4800

**17. Scheduling:**

The Court has set the following dates in this matter:

    Trial date: **February 2, 2009 (6 days)**

    Pretrial Conference: **January 13, 2009, 4 p.m.**

    Last Day to Hear Dispositive Motions: **December 3, 2008**

    Last Day for Expert Discovery: **October 24, 2008**

    Last Day for Expert Disclosure: **October 17, 2008**

    Close of Non-Expert Discovery: **October 10, 2008**

**18. Trial:**

The parties have requested a six-day jury trial.

**19. Disclosure of Non-party Interested Entities or Persons:**

Plaintiff filed her Certification of Interested Entities or Persons required by Civil L.R. 3-16 on January 17, 2008. Defendants MBS Carrier, Inc., Sukhdev Singh, Barjinder Singh, and Mohinder Singh dba MBS Trucking, and Jasmit Singh Randhawa filed their Certification on January 22, 2008. Other than the named parties, there are no such interests to report.

**20. Other Matters:** None

DATED this 7th day of April, 2008    DATED this 7th day of April, 2008

**RUSING & LOPEZ, P.L.L.C.**    **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

_____  
Todd M. Hardy (Cal. Bar. No. 223581)  
Attorneys for Plaintiff

_____  
Christopher Nevis (Cal. Bar. No. 162812)  
Tal Korn (Cal. Bar No. 227719)  
Attorneys for Defendants MBS Carrier, Inc., Sukhedv Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking and Jasmit Singh-Randhawa

RUSING & LOPEZ, P.L.L.C.  
6262 North Swan Road, Suite 200  
Tucson, Arizona 85718  
Telephone: (520) 792-4800

I am a citizen of the United States and am a member of the Bar of the United States District Court for the Northern District of California. I am over the age of eighteen years and not a party to this action. My business address is 6262 North Swan Road, Suite 200, Tucson, AZ 85718.

On April 7, 2008, I e-filed the following document:

- **Joint Case Management Statement**

The documents were served by the following means and addressed to: Tal Korn, Esq. at Korn@lbbslaw.com, counsel for Defendants MBS Carrier, Inc.; Suhhedv Singh, Barjinder Singh and Mohinder Singh d/b/a MBS Trucking; and Jasmit Singh-Randhawa:

[X]   (BY E-MAIL OR ELECTRONIC TRANSMISSION) based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the email address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

The documents were served by the following means and addressed to: Defendants Tejbir Padda, Karandeep S. Randhawa d/b/a Ekuam Trucking, and Kuldeep Singh.

[X]   (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Tucson, Arizona in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Tejbir Padda
5497 Bellevue Circle
Dublin, CA 94568

Karandeep S. Randhawa
d/b/a Ekuam Trucking
5497 Bellevue Circle
Dublin, CA 94568

Kuldeep Singh
20919 109th Pl. SE, Apt. 2123
Kent, WA 98103

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on April 7, 2008, at Tucson, Arizona.

Todd M. Hardy (Cal. Bar. No. 223581)
Attorneys for Plaintiff

10
JOINT CASE MANAGEMENT STATEMENT/NO. C07-4695 BZ