LEWIS BRISBOIS BISGAARD & SMITH LLP
Christopher Nevis, SB# 162812
Tal Korn, SB# 227719
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants MBS CARRIER, INC., BARJINDER SINGH, SUKHDEV SINGH and MOHINDER SINGH d/b/a MBS TRUCKING, and JASMIT SINGH-RANDHAWA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH MARZULLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MBS CARRIER, INC., a California Corporation; SUKHDEV SINGH, BARJINDER SINGH and MOHINDER SINGH, dba MBS TRUCKING; and JASMIT SINGH-RANDHAWA, an individual, and TEJBIR PADDA, an individual; KULDEEP SINGH, an individual; and KARANDEEP S. RANDHAWA d/b/a EKUAM TRUCKING,<br><br>Defendants. | CASE NO. C07-4695 BZ<br><br>RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE |

PROPOUNDING PARTY:   Plaintiff, JUDITH MARZULLO

RESPONDING PARTY:   Defendant, JASMIT SINGH RANDHAWA

SET NUMBER:   One

TO: PLAINTIFF JUDITH MARZULLO AND HER ATTORNEYS OF RECORD:

Pursuant to FRCP 36 defendant JASMIT SINGH RANDHAWA responds to plaintiff JUDITH MARZULLO's (first) request for admissions as set forth below.

## PRELIMINARY STATEMENT

It should be noted that defendant has not fully completed his investigation of the facts relating to the case, has not fully completed his discovery in this action, and has not completed his preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to defendant. It is

4835-7110-0162.1

RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses herein set forth. The following responses are given without prejudice to defendant JASMIT SINGH RANDHAWA 's right to produce evidence of any subsequently discovered fact or facts which defendant may later develop. Defendant JASMIT SINGH RANDHAWA accordingly reserves the right to change any and all answers herein as new facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contention as is now presently known, but should in no way function to prejudice defendant in relation to further discovery, research, or analysis. The following responses are therefore made without prejudice to defendant JASMIT SINGH RANDHAWA's right to provide additional responses obtained through such continuing investigation and discovery as referenced above.

### RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU caused THE CRASH by operating THE TRUCK at an unreasonably high rate of speed as YOU approached a curve on State Route 92.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. This request calls for a legal conclusion and seeks premature disclosure of expert opinion. The request also invades the attorney client privilege and attorney work product doctrine. Without waiving and subject to the foregoing objections, responding party answers as follows:

Responding party denies that he was operating the vehicle at an "unreasonably high rate of speed." The remainder of the request seeks a conclusion regarding the subject of causation, an ultimate issue in this case, and an issue which has yet to be resolved. Responding party is presently unable to provide a response regarding causation. In order to provide a meaningful and accurate response regarding the cause of the incident, additional discovery must first be completed,

including, but not limited to, the plaintiff's deposition, which is currently scheduled to take place on March 31, 2008. Plaintiff's testimony regarding the circumstances surrounding the incident is relevant to the issue of what caused the collision between plaintiff's vehicle and the vehicle operated by defendant. Furthermore, assessing the cause of the incident involves the interpretation and analysis of a number of factors by an expert. A final conclusion regarding the cause of the incident is not presently available. However, responding party will supplement this response as discovery progresses and additional information becomes available.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU were an employee of Karandeep Randhawa d/b/a Ekuam Trucking at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. This request is vague and ambiguous and calls for a legal conclusion. Without waiving and subject to the foregoing objections, responding party answers as follows:

Deny. Responding party was not an "employee" of Karandeep Randhawa d/b/a Ekuam Trucking at the time of the incident. Rather, responding party was an independent contractor of the entity, and was issued a 1099 in connection with his work.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU were working within the scope of YOUR employment with Karandeep Randhawa d/b/a Ekuam Trucking at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection. This request is vague and ambiguous and calls for a legal conclusion. Without waiving and subject to the foregoing objections, responding party answers as follows:

Deny. Responding party was not an "employee" of Karandeep Randhawa d/b/a Ekuam Trucking at the time of the incident. Rather, responding party was an independent contractor of the entity, and was issued a 1099 in connection with his work.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU were an employee of Kuldeep Singh at the time of THE CRASH.

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection. This request is vague and ambiguous and calls for a legal conclusion. Without waiving and subject to the foregoing objections, responding party answers as follows:

Deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU were working within the scope of YOUR employment with Kuldeep Singh at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. This request is vague and ambiguous and calls for a legal conclusion. Lacks foundation, assumes facts not in evidence. Without waiving and subject to the foregoing objections, responding party answers as follows:

Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU were an employee of Tejbir Padda at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection. This request is vague and ambiguous and calls for a legal conclusion. Lacks foundation, assumes facts not in evidence. Without waiving and subject to the foregoing objections, responding party answers as follows:

Deny.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU were working within the scope of YOUR employment with Tejbir Padda at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection. This request is vague and ambiguous and calls for a legal conclusion. Lacks foundation, assumes facts not in evidence. Without waiving and subject to the foregoing objections, responding party answers as follows:

Deny.

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU owned THE TRUCK at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

At the present time, responding party lacks sufficient information to be able to either admit or deny this request. Responding party believes that he purchased the truck prior to the collision. However, responding party is presently unable to verify this with documentation reflecting that ownership of the vehicle was effectively transferred to responding party's name. Discovery and investigation continue, and responding party will supplement this response as additional information becomes available.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Kuldeep Singh owned THE TRUCK at the time of THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

At the present time, responding party lacks sufficient information to be able to either admit or deny this request. Responding party believes that he purchased the truck from Kuldeep Singh prior to the collision. However, responding party is presently unable to verify this with documentation which reflects that ownership of the vehicle was effectively transferred to responding party's name. Discovery and investigation continue, and responding party will supplement this response as additional information becomes available.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU purchased THE TRUCK from Kuldeep Singh before THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Kuldeep Singh transferred ownership of THE TRUCK to YOU before THE CRASH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

At the present time, responding party lacks sufficient information to be able to either admit or deny this request. Responding party believes that he purchased the truck from Kuldeep Singh

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

prior to the collision. However, responding party is presently unable to verify this with documentation which reflects that ownership of the vehicle was effectively transferred to responding party's name. Discovery and investigation continue, and responding party will supplement this response as additional information becomes available.

**REQUEST FOR ADMISSION NO. 12:**

Admit that at the time of THE CRASH, YOU were a "motor carrier" as defined by section 408 of the California Vehicle Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Objection. This request is vague and ambiguous, calls for a legal conclusion, and calls for speculation. The request forces responding party to conduct his own research and investigation into the meaning of the legal terms and legal authority identified in the request, in order to provide a response, which is unduly burdensome, oppressive, and harassing. Responding party is presently unable to respond to the request as it is currently phrased.

**REQUEST FOR ADMISSION NO. 13:**

Admit that at the time of THE CRASH, YOU did not have a motor carrier identification number as required by section 34507.5 of the California Vehicle Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Objection. This request is vague and ambiguous, calls for a legal conclusion, and calls for speculation as to what the section identified requires. The request lacks foundation and assumes facts not in evidence. The request forces responding party to conduct his own research and investigation into the meaning of the legal terms and legal authority identified in the request, in order to provide a response, which is unduly burdensome, oppressive, and harassing. Responding party is presently unable to respond to the request as it is currently phrased.

**REQUEST FOR ADMISSION NO. 14:**

Admit that at the time of THE CRASH, YOU were operating THE TRUCK under the motor carrier operating authority of Karandeep Randhawa d/b/a Ekuam Trucking.

///
///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objection. This request is vague and ambiguous, calls for a legal conclusion, and calls for speculation. The request lacks foundation and assumes facts not in evidence. The request forces responding party to conduct his own research and investigation into the meaning of the legal terms identified in the request, in order to provide a response, which is unduly burdensome, oppressive, and harassing. Without waiving and subject to the foregoing objections, responding party answers as follows:

Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that at the time of THE CRASH, YOU were being compensated by MBS Trucking for transporting cement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Objection. This request is vague and ambiguous, calls for a legal conclusion, and calls for speculation. The request lacks foundation and assumes facts not in evidence. Without waiving and subject to the foregoing objections, responding party answers as follows:

The responding party admits that he worked, and was compensated as, an independent contractor of MBS Trucking in connection with his transportation of cement at the time of the collision.

**REQUEST FOR ADMISSION NO. 16:**

Admit that at the time of THE CRASH, YOU were being compensated by MBS Carrier, Inc. for transporting cement.

///
///
///
///
///
///
///

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Deny.

DATED: March 31, 2008

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP

*/s/ Tal Korn*

Christopher Nevis
Tal Korn
Attorneys for Defendants, MBS CARRIER, INC., BARJINDER SINGH, SUKHDEV SINGH, and MOHINDER SINGH d/b/a MBS TRUCKING, and JASMIT SINGH-RANDHAWA

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4835-7110-0162.1

8

RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE

**PROOF OF SERVICE**
Marzullo v. MBS Carrier, et al.
U.S. District Court - Northern District of California Court Case No. C07-4695 BZ

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On March 31, 2008, I served the following document(s): **RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Todd McCabe Hardy<br>Rusing & Lopez, P.L.L.C.<br>6262 North Swan Road, Suite 200<br>Tucson, AZ 85718 | Attorneys for plaintiff<br>Telephone:   520-792-4800<br>Facsimile:   520-5294262<br>E-Mail: thardy@rusingandlopez.com |

The documents were served by the following means:

[X] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ] Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X] Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2008, at San Francisco, California.

_____
Gloria V. Joyce

4825-4002-5090.1

PROOF OF SERVICE